IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROBERT WAYNE HOLMES                                                                          PLAINTIFF

V.                                                                      CIVIL ACTION NO.3:14CV11-DAS

COMMISSIONER OF SOCIAL SECURITY                                                     DEFENDANT

FINAL JUDGMENT

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and the case remanded for further proceedings. The ALJ's decision does not address whether Holmes meets the criteria set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.05(C), in spite of an IQ test showing a full scale IQ of 68. The government has conceded that Holmes has other severe impairments that impose additional and significant work-related limitations, but has argued that the validity of the intelligence test is questionable based on the administrative record; however, the ALJ's decision provided no explanation as to whether or not this was a valid test. The government also argued that any error in failing to address the §12.05 listing was harmless error because the plaintiff does not meet the capsule definition in this listing. After reviewing the administrative

record, whether the plaintiff has exhibited deficits in adaptive functioning appears to be a close question. The claimant's testimony is a significant source of evidence regarding the level of any functional deficits, yet the decision makes no express determination regarding his credibility. The court cannot determine that the failure to address the §12.05 listing is harmless.

On remand the ALJ shall make an explicit finding on the validity the IQ test. If the test is not valid, the ALJ shall explain that finding. The commissioner may, but is not required, to retest the plaintiff. The ALJ shall clarify whether or not Holmes meets that capsule definition of § 12.05.

The court rejects the plaintiff's argument that the ALJ erred at Steps Four and Five of the decision. The ALJ's posed two hypothetical questions to the Vocational Expert (VE). The VE opined in response to one that the plaintiff could still perform several, different jobs. The second hypothetical included additional limitations relating to the plaintiff's alleged inability to interact with supervisors and co-workers and alleged limitations related to his concentration and attendance. Under this hypothetical the VE testified that there would be no jobs the plaintiff could perform. The ALJ was faced with conflicting medical evidence regarding the extent of the plaintiff's limitations in social interactions and persistence and concentration and accepted the evidence that tended to show less severe impairments. That decision is supported by substantial evidence.

SO ORDERED AND ADJUDGED this the 19th day of December, 2014.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE